IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RAVEN HILL PARTNERS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:12-CV-411(MTT) |
| ) | |
| BASF CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### ORDER

This matter is before the Court on the Plaintiff's motion to compel production of documents. (Doc. 43). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Courts must employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules." *Ross v. Livingston*, 2012 WL 4862827, at *1 (M.D. Ga.). The requested information does not have to be admissible at trial. Fed. R. Civ. P. 26(b)(1). Rather, it need only be "reasonably calculated to lead to the discovery of admissible evidence." *Id.* The burden is on the party resisting discovery to show how each objected-to request "is overly broad, burdensome[,] or oppressive" or provide the factual basis if a privilege is asserted to apply. *Hall v. Gov't Emps. Ins. Co.*, 2008 WL 2373808, at *1 (M.D. Ga.) (internal quotation marks and citations omitted).

The Plaintiff's requests for production numbers 1, 2, 22, 23, 25, and 26 relate to the Defendants' negotiations with third parties regarding the same property the Plaintiff was also negotiating to purchase from the Defendants. The Plaintiff contends that

these documents are relevant to whether the Defendants acted in good faith, whether the Defendants engaged in a pattern of misrepresentations, and whether they presented contradictory information to the Plaintiff to leverage negotiations with other entities.  The Defendants argue that the Plaintiff is engaging in sheer speculation as to whether the Defendants made misrepresentations to the 68 other entities who received documentation from the Defendants regarding the property.  The Defendants further argue that such broad discovery is not warranted in this case given the narrow damages the Plaintiff will be awarded if successful and that the Plaintiff's true motive is to drive up the Defendants' discovery costs in hopes of forcing a settlement.

Evidence of a defendant's dealings with non-party business entities and similar patterns of misrepresentations or reneging on commitments can be probative of whether the defendant intended to fraudulently induce the plaintiff.  *See Channelmark Corp. v. Destination Prods. Int'l, Inc.*, 2000 WL 968818, at *4 (N.D. Ill.).  Thus, the Plaintiff's discovery requests are relevant to its claims and reasonably calculated to lead to the discovery of admissible evidence.  The requests are also sufficiently limited in time to prevent them from being overly broad and burdensome.  The Defendants' argument that the Plaintiff is not entitled to such discovery because of "limited, potential damages" is unavailing.  (Doc. 47 at 2).  Further, the Defendants provide no basis for alleging the Plaintiff's true motive for its requests is to drive up the Defendants' discovery costs.

The Plaintiff's requests for production numbers 9-12 relate to the negotiations and discussions the Defendants had with labor unions.  The Plaintiff contends these documents are relevant because they may establish the reason underlying the Plaintiff's allegation that the Defendants decided to unilaterally abandon the asset purchase

agreement process in favor of a letter of intent process.  The Defendant argues that these requests are again based on pure speculation and that the Plaintiff has not alleged any fact regarding labor unions in its complaint.

These requests are also relevant to the Plaintiff's claims and reasonably calculated to lead to the discovery of admissible evidence.  The Plaintiff is not barred from seeking discovery regarding an issue simply because a particular fact was not pled in its complaint.  The Plaintiff alleged that the Defendants unilaterally abandoned the negotiations process between the Parties, and this is sufficient.

Accordingly, the Plaintiff's motion to compel production of documents is **GRANTED**.[1]

**SO ORDERED**, this the 24th day of October, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Defendants' counsel filed a letter arguing that the Plaintiff improperly attempted to amend its complaint through an affidavit filed with the Plaintiff's reply to its motion to compel.  (Doc. 50).  The Court does not construe the affidavit as a motion to amend.  Further, the Court does not need to rely on the affidavit to reach its conclusion that the requested discovery is relevant and permissible.