IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RAVEN HILL PARTNERS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:12-CV-411(MTT) |
| ) | |
| BASF CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### ORDER

This matter is before the Court on Defendant BASF Nederland B.V.'s motion to dismiss. (Doc. 56).

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Between 2010 and 2012, Plaintiff Raven Hill Partners, Inc. alleges it negotiated with Defendants BASF Corporation, BASF Catalysts, LLC, BASF SE, and BASF Nederland B.V. regarding the possible purchase of the Defendants' kaolin clay processing operations, known as the "Palau Operations." (Doc. 38 at ¶ 1).  Raven Hill also alleges the Defendants agreed to reimburse its due diligence expenses to keep Raven Hill interested in the transaction. (Doc. 38 at ¶ 2).  Raven Hill contends the Defendants breached that contract and have refused to reimburse its expenses.  (Doc. 38 at ¶ 2).  Further, Raven Hill claims the Defendants concealed material information and made material misrepresentations regarding the true value of the Palau Operations, and as a result, Raven Hill incurred substantial costs in its efforts to purchase the operations.  (Doc. 38 at ¶ 3).

Raven Hill named BASF Nederland and BASF SE as defendants in its original complaint. (Doc. 1). Raven Hill asserts that it then omitted those Defendants in its first amended complaint based on statements by the Defendants' counsel that BASF Nederland and BASF SE were not necessary parties, but Raven Hill reserved the right to join them in the future if joinder became appropriate. (Doc. 4 at 1 n.1). Raven Hill subsequently experienced difficulty obtaining discovery from BASF Nederland and BASF SE because the Defendants' counsel asserted that they did not represent those entities. Because of these difficulties, Raven Hill amended its complaint to rejoin BASF Nederland and BASF SE as defendants.[1] BASF Nederland has now moved to dismiss, claiming this Court lacks personal jurisdiction and that Raven Hill's second amended complaint fails to state a claim.[2]

BASF Nederland is a private company organized under the laws of the Netherlands with its principal place of business in Arnhem, the Netherlands. (Doc. 56-2 at ¶ 3). BASF Nederland is wholly owned by BASF SE. (Doc. 56-2 at ¶ 3). BASF Nederland's only connection to BASF Corporation's kaolin clay business appears to be through BASF Nederland's wholly-owned subsidiary, BASF Minerals Oy ("BMO"), which is not a party to this action. (Doc. 56-2 at ¶ 42). BMO is organized under the laws of Finland with its principal place of business in Helsinki, Finland. (Doc. 56-2 at ¶ 41). BMO sells kaolin mineral products to the paper industry in Finland and handles certain customer care activities throughout Europe for its kaolin business. (Doc. 56-2 at ¶ 43).

---

[1] Raven Hill decries the "sharp" practices of defense counsel. (Doc. 61 at 6). Without suggesting that defense counsel has acted improperly, the Court notes that their conduct has no bearing on the question of whether BASF Nederland is subject to the personal jurisdiction of this Court.

[2] BASF SE has also moved to dismiss on substantially the same grounds, but that motion is not yet ripe. (Doc. 67).

BMO's business, assets, and operations located in Finland were to be included as a divested business in the sale of the Palau Operations. (Doc. 56-2 at ¶ 41).

Raven Hill received a letter from Dr. Uwe Liebelt, an employee of BASF Schweiz AG,[3] containing a counterproposal for the sale of the Palau Operations. Raven Hill alleges this letter shows Dr. Liebelt was acting as an agent of BASF Nederland. (Doc. 4-5). The letter noted that the Palau Operations sale included the working capital in BMO, but the letter did not mention BASF Nederland. (Doc. 4-5 at 3). Raven Hill also alleges BASF Nederland was included as a seller in the drafts of the asset purchase agreement and as an assignor in drafts of assignment agreements regarding patent and trademark rights.

## II.  DISCUSSION

### A.  Burden of Proof

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (internal quotation marks and citation omitted). "Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Id.* (citation omitted). "'Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff.'" *Id.* (citation omitted).

---

[3] BASF Schweiz AG is not a party to this action either.

B.   *Diamond Crystal* Jurisdictional Analysis

Raven Hill contends this Court has personal jurisdiction over BASF Nederland pursuant to Georgia's long-arm statute, O.C.G.A. § 9-10-91, and the Due Process Clause of the Fourteenth Amendment.  "A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution."  *Id.* at 1257-58 (internal quotation marks and citation omitted).  This two-step inquiry is necessary because the long-arm statute does not provide jurisdiction to federal courts in Georgia that is coextensive with procedural due process.  *Id.* at 1259.  Rather, the statute "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process."  *Id.*  In short, jurisdiction that might appear to be conferred by statute may be negated by due process concerns, and vice versa.  *See id.* at 1261.

   **(1)   The Long-Arm Statute**

Raven Hill argues that the Court has jurisdiction over BASF Nederland under Subsection (1) of the Georgia long-arm statute: "[a] court of this state may exercise personal jurisdiction over any nonresident … in the same manner as if he were a resident of the state, if in person or through an agent, he … [t]ransacts any business within this state … ."  O.C.G.A. § 9-10-91(1).  *Diamond Crystal* instructs federal courts to interpret Georgia's long-arm statute literally.  593 F.3d at 1264.

> Under Subsection (1),
>
> [j]urisdiction exists on the basis of transacting business in this state if (1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the

> exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice.

*Amerireach.com, LLC v. Walker*, 290 Ga. 261, 269, 719 S.E.2d 489, 496 (2011) (quoting *Aero Toy Store, LLC v. Grieves*, 279 Ga. App. 515, 517-18, 631 S.E.2d 734, 737 (2006)).  Significantly, to transact business "a defendant need not physically enter the state" to subject himself to the long-arm statute. *Diamond Crystal*, 593 F.3d at 1264.  And courts may further consider the nonresident's mail, telephone calls, and other intangible acts that occur while the defendant is outside of Georgia. *Id.* The question is whether, upon analysis of all the defendant's tangible and intangible conduct, "it can fairly be said that the nonresident [defendant] has transacted *any* business within Georgia." *Id.* (emphasis added).[4]

    Raven Hill argues that the Georgia long-arm statute is satisfied because BASF Nederland entered into negotiations to divest property as a part of the sale of the Palau Operations, and BASF Nederland acted in concert with and through the same agents as the other Defendants.  It is unclear what property Raven Hills alleges BASF Netherland was going to divest in the sale or why BASF Nederland was included in the draft agreements.  Although BASF Nederland is identified as a potential seller or assignor in the draft agreements, there is no evidence that BASF Nederland had any ownership of the Palau Operations.  Ownership of the Palau Operations located in this forum is the jurisdictional hook for exercising personal jurisdiction over the remaining Defendants, and BASF Nederland appears to lack this connection.

    Further, Raven Hill has not identified an officer or employee of BASF Nederland who engaged in any negotiations or communications with Raven Hill.  Nor has Raven

---

[4] In *Diamond Crystal* the court adopted a literal definition of the words in the statute, such that "any" means "to any extent" or "in any degree." 593 F.3d at 1264 n.18. "'Transact' means 'to prosecute negotiations,' to 'carry on business,' 'to carry out,' or 'to carry on.'" *Id.*

Hill alleged any other facts that would suggest BASF Nederland did any act directed toward the forum state. While Raven Hill contends that Dr. Liebelt acted as BASF Nederland's agent when he sent Raven Hill a counterproposal, the letter references BMO but contains no mention of BASF Nederland. Thus, Raven Hill also argues that BMO is the alter ego of BASF Nederland, and any actions that form the basis for personal jurisdiction over BMO may also be used to assert personal jurisdiction over BASF Nederland.

"[F]ederal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." *RMS Titanic, Inc. v. Zaller*, 2013 WL 5675523, at *17 (N.D. Ga.) (quoting *Patin v. Thoroughbred Power Boats*, 294 F.3d 640, 653 (5th Cir. 2002)). "An alter ego theory of personal jurisdiction generally 'provides that a non-resident *parent corporation* is amenable to suit in the forum state if the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same for purposes of jurisdiction.'" *Id.* (quoting *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008)).

To establish the alter ego doctrine under Georgia law, "it must be shown (1) that the stockholders' disregard of the corporate entity made it a mere instrumentality for the transaction of their own affairs; (2) that there is such unity of interest and ownership that the separate personalities of the corporation and the owners no longer exist; and (3) to adhere to the doctrine of corporate entity would promote injustice or protect fraud."

*McLean v. Cont'l Wingate Co.,* 212 Ga. App. 356, 359, 442 S.E.2d 276, 279 (1994) (citations omitted).

Even assuming the divestiture of BMO's Finland assets and productions facilities as a part of the Palau Operations transaction would somehow render BMO subject to the personal jurisdiction of this Court, Raven Hill has not sufficiently alleged that BMO is BASF Nederland's alter ego.  Raven Hill argues that BASF Nederland and BMO's alter ego relationship is exemplified by the draft agreements because those entities were referenced interchangeably.  The fact that the draft asset purchase agreement included BASF Nederland as a seller while a signature line was provided for BMO rather than BASF Nederland is not sufficient to show BASF Nederland used BMO as a mere instrumentality to transact its affairs or that such a unity of interest and ownership existed that the two entities did not have separate personalities.  The Defendants have submitted affidavit evidence to show BASF Nederland and BMO are two separate entities.  The affidavit states that BASF Nederland and BMO: (1) do not share any operations, corporate function, or department; (2) maintain employees and officers on separate payrolls; (3) do not share any overlapping officers or directors; and (4) do not exercise any day-to-day control over or direct the activities of one another.  (Doc. 56-2 at ¶¶ 47-50).  Raven Hill has the burden to produce evidence supporting jurisdiction and rebutting the Defendants' evidence, and Raven Hill has failed to produce such evidence.  Accordingly, BASF Nederland is not subject to personal jurisdiction under Georgia's long-arm statute.

      **(2)**     **Due Process**

For the Court to exercise jurisdiction over nonresident defendants, it is not enough that the long-arm statute is satisfied.  Personal jurisdiction must also adhere to

the Due Process Clause of the Fourteenth Amendment. "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). "The heart of this protection is fair warning – the Due Process Clause requires 'that the defendant's conduct and connection with the forum State [be] such that he should reasonably anticipate being haled into court there.'" *Diamond Crystal*, 593 F.3d at 1267 (quoting *Burger King*, 471 U.S. at 474). "Therefore, states may exercise jurisdiction over only those who have established 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" *Id.* (quoting *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

Two types of personal jurisdiction exist: general and specific. General jurisdiction arises from a defendant's contacts with the forum state that "are unrelated to the cause of action being litigated." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000). General jurisdiction further requires continuous and systematic contacts between the defendant and the forum state. *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1274 (11th Cir. 2002). Here, general jurisdiction does not exist. Raven Hill has not alleged facts to suggest BASF Nederland has continuous and systematic contacts with Georgia.

Meeting specific jurisdiction requirements is less onerous: "[T]he fair warning requirement is satisfied if the defendant has purposefully directed his activities at residents of the forum … and the litigation results from alleged injuries that arise out of or relate to those activities." *Diamond Crystal*, 593 F.3d at 1267 (internal quotation

marks and citation omitted).  "Put differently, the defendant must have 'purposefully availed' itself of the privilege of conducting activities – that is, purposefully establishing contacts – in the forum state and there must be a sufficient nexus between those contacts and the litigation."  *Id.*  Once the plaintiff makes this showing, "a defendant must make a 'compelling case' that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice."  *Id.* (citations omitted).

Even if Raven Hill could establish that the requirements of Georgia's long-arm statute were satisfied, it has not established that minimum contacts exist to support jurisdiction under the Due Process Clause.  BASF Nederland does not conduct and has never conducted business in Georgia.  (Doc. 56-2 at ¶ 7).  None of its officers, directors, or employees are employed or reside in Georgia.  (Doc. 56-2 at ¶ 12).  BASF Nederland does not have any physical presence in Georgia nor does it own any real property or other assets in the state.  (Doc. 56-2 at ¶¶ 9-10).  It has never advertised or solicited any business in Georgia, and it has never directed any advertisement to Georgia residents.  (Doc. 56-2 at ¶¶ 16-17).  BASF Nederland has never purchased or sold any products in Georgia, and it has never entered into any contract with any individuals or companies located in Georgia.  (Doc. 56-2 at ¶¶ 18, 20).  Raven Hill has not produced any evidence to rebut the Defendants' affidavit regarding minimum contacts.  Accordingly, the Court cannot exercise personal jurisdiction over BASF Nederland because it does not have sufficient minimum contacts with Georgia.[5]

---

[5] Because the Court has determined that it lacks personal jurisdiction over BASF Nederland, the Court need not address whether Raven Hill's second amended complaint fails to state a claim or whether it satisfies Fed. R. Civ. P. 9(b) as to BASF Nederland.

## III. CONCLUSION

In the alternative, Raven Hill has requested an opportunity to conduct jurisdictional discovery. The Court does not believe the known facts warrant subjecting BASF Nederland to that expense. Nevertheless, given the circumstances, the Court believes it appropriate that BASF Nederland counsel file a pleading confirming their authority to acknowledge service on behalf of BASF Nederland in the event further developments warrant the rejoinder of BASF Nederland. Upon the filing of that authorization, BASF Nederland shall be dismissed.

**SO ORDERED**, this the 13th day of March, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
